ALEXANDER B. CVITAN (SBN 81746)
MARSHA M. HAMASAKI (SBN 120720), and
PETER A. HUTCHINSON (SBN 225399), Members of
REICH, ADELL & CVITAN
A Professional Law Corporation
3550 Wilshire Boulevard, Suite 2000
Los Angeles, California 90010-2421
Telephone (213) 386-3860
Facsimile (213) 386-5583
E-Mails: alc@rac-law.com; marshah@rac-law.com; peterh@rac-law.com

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CONSTRUCTION LABORERS TRUST FUNDS FOR SOUTHERN CALIFORNIA ADMINISTRATIVE COMPANY, a Delaware limited liability company,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>AFFORDABLE GRANITE, INC., a California corporation also known as and doing business as A.G.I. CONTRACTORS; SURETY COMPANY OF THE PACIFIC, a California corporation,<br><br>　　　　　Defendants. | NO. ED CV 08-01072 SGL (OPx)<br><br>[~~PROPOSED~~] JUDGMENT PURSUANT TO STIPULATION FOR ENTRY OF JUDGMENT NUNC PRO TUNC |

Pursuant to the "*Stipulation for Order Correcting Clerical Error and Entry of Corrected Judgment Nunc Pro Tunc*" submitted jointly by the parties to this action, as well as the Court's "*Order Pursuant to Stipulation for Entry of Corrected Judgment Nunc Pro Tunc*" issued pursuant to the parties' stipulation, and good cause appearing therefore,

///

///

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that judgment is entered in favor of the Construction Laborers Trust Funds for Southern California Administrative Company, a Delaware limited liability company (hereinafter "CLTF" when not referred to by its full above-captioned name), as an administrative agent for collection for, and on behalf of, the Laborers Health and Welfare Trust Fund for Southern California, Construction Laborers Pension Trust for Southern California, Construction Laborers Vacation Trust for Southern California, Laborers Training and Re-training Trust Fund for Southern California, Fund for Construction Industry Advancement, Center for Contract Compliance and Laborers Contract Administration Trust Fund for Southern California (collectively "Trust Funds"), as follows:

1. Judgment is entered against defendant Affordable Granite, Inc., a California corporation also known as and doing business as A.G.I. Contractors (hereinafter "AGI" where not referred to by its full above-captioned name), in the principal sum of $46,272.53 (consisting of $33,618.97 in unpaid fringe benefit contributions, $8,328.79 in liquidated damages, $1,360.00 in audit fees and $2,964.77 in subcontracting violations), as well as $4,975.54 in interest, $16,000.00 in attorneys fees and $1,165.63 in costs, FOR A TOTAL JUDGMENT AGAINST AGI IN THE AMOUNT OF $68,413.70.

2. Judgment is entered jointly and severally against defendants Affordable Granite, Inc., a California corporation also known as and doing business as A.G.I. Contractors, and Surety Company of the Pacific, a California corporation (hereinafter "the SURETY" where not referred to by its full above-captioned name), in the amount of $4,000.00, consisting of unpaid fringe benefit contributions. The $4,000.00 awarded in and by this paragraph "2" is encompassed by, and a part of, the unpaid fringe benefit contributions awarded against AGI in paragraph "1" of this

judgment.

3. The Court reaffirms, and adopts as its final ruling and judgment, its permanent injunction entered on November 25, 2008 requiring AGI, its officers, agents, managing employees, successors, and all those in active concert or participation with it, to deliver, in accordance with the Southern California Master Labor Agreement ("MLA") and the trust agreements of the Trust Funds ("Trust Agreements"), timely monthly fringe benefit contributions (hereinafter "Monthly Contributions") and monthly fringe benefit contribution reports ("Monthly Reports"). Specifically, final injunctive relief is hereby granted requiring Affordable Granite, Inc., a California corporation also known as and doing business as A.G.I. Contractors, its officers, agents, managing employees, successors, and all those in active concert or participation with it, to deliver or cause to be delivered to the Trust Funds' offices no later than 4:30 p.m. on the 20th day of each month for the duration of the MLA and Trust Agreements (collectively "Agreements"), unless AGI has both inactivated its accounts with the Trust Funds in accordance with the terms of the Agreements and has in fact not performed any work covered by the Agreements:

    A. A truthfully and accurately completed Monthly Report for each of AGI's present and future accounts with the Trust Funds, collectively covering all persons for whom AGI owes Monthly Contributions for the prior month;

    B. An affidavit or declaration from a managing officer of AGI attesting under penalty of perjury to the completeness, truthfulness and accuracy of each Monthly Report submitted; and

    C. A cashier's check or checks made payable to the "Construction Laborers Trust Funds for Southern California" totaling the full amount of Monthly Contributions due by AGI to the Trust Funds for the previous month (as set forth on the Monthly Report(s) submitted).

Failure to comply with this final injunction may be grounds for contempt of court.

CLTF and the Trust Funds shall not be entitled to enforce the injunctive relief issued hereby (or the permanent injunction entered on November 25, 2008), whether through contempt proceedings or otherwise, for AGI's failure to submit Monthly Reports and Monthly Contributions for the amounts encompassed by the monetary portion of this judgment.

4. For purposes of satisfaction of the monetary portion of this judgment, any payments toward the balance due on this judgment (other than a payment made by the SURETY) shall be credited first to the portion of the total judgment set forth in paragraph "1" that is not jointly and severally owed under paragraph "2". Nothing in this judgment shall restrict CLTF or the Trust Funds in the internal application of money recovered toward the judgment toward the amounts due to the Trust Funds by AGI; the restriction in this judgment on how payments shall be credited is only for the purpose of establishing the order of satisfaction of the monetary amounts of this judgment. Nothing in this judgment shall restrict the parties from agreeing to a different order of such satisfaction.

5. This judgment shall not have res judicata effect, operate as a bar, or effect any other limitation of any right of the Trust Funds (including CLTF on their behalf) to recover, including through litigation or other legal process, any amount determined to be due by AGI to the Trust Funds that is not included in this judgment.

6. AGI and the SURETY shall bear their own attorneys fees and costs.

///
///

7. Upon entry, this judgment shall be immediately enforceable.

8. This judgment shall be considered entered on October 21, 2009, nunc pro tunc.

DATED: Dec. 1, 2009

Honorable Stephen G. Larson, , Judge of the United States District Court for the Central District of California

Submitted by:

REICH, ADELL & CVITAN

By: _____
PETER A. HUTCHINSON
Attorneys for Plaintiff

PAGE, LOBO, COSTALES & PRESTON, APC

By: _____
JONATHAN PRESTON
Attorneys for Defendants